UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FIRST TIME VIDEOS LLC,**<br><br>**Petitioner,**<br><br>v.<br><br>**COMCAST CABLE COMMUNICATIONS, LLC,**<br><br>**Respondent.** | Misc. Action No. 12-mc-00353 (RLW)<br><br>Underlying civil action pending in the U.S. District Court for the Southern District of Texas, No. 4:12-cv-00701 |

**ORDER**

Upon consideration of Petitioner First Time Videos LLC's ("First Time Video") Motion to Compel Compliance with Subpoena (Docket No. 1), and responses thereto, and for the reasons set forth in Nu Image, Inc., v. Does 1–23,322, 799 F.Supp.2d 34 (D.D.C.2011) and Millennium TGA, Inc. v. Comcast Cable Communications LLC, --- F. Supp. 2d. ---, 2012 WL 2371426 (D.D.C. June 25, 2012), it is hereby

**ORDERED** that First Time Video's motion is **GRANTED IN PART AND DENIED IN PART**; it is further

**ORDERED** that within thirty (30) days from the date of this Order, Comcast Cable Communications, LLC ("Comcast") shall provide to Petitioner, with respect to subscribers whose Comcast service address is/was located in the District of Columbia, the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the subscriber to whom the ISP assigned an IP address as set forth on the Subpoena and the "Subpoena Attachment"; and it is further

**ORDERED** that if Comcast qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall comply with the subscriber notice requirements set forth in 47

1

U.S.C. § 551(c)(2)(B), and that in any event, Comcast shall provide notice to its subscriber(s) at least 10 days prior to disclosure of any personally identifying subscriber information to the Petitioner, see Malibu Media, LLC v. John Does 1-16, 2012 WL 1681819 (D.D.C. Apr 11, 2012); and it is further

**ORDERED** that because of the probable likelihood that the subscriber may not be liable for copyright infringement, and to avoid undue embarrassment due to the fact that the alleged copyright infringement involves a pornographic work, the Petitioner and Comcast are hereby prohibited from publicly disclosing any subscriber's personally identifying information disclosed pursuant to this Order absent further order of this Court.  See Malibu Media, LLC v. John Does 1-11, 2012 U.S. Dist. LEXIS 94648 (D.D.C. July 10, 2012); and it is further

**ORDERED** that within thirty (30) days from the date of this Order, Comcast shall provide to Petitioner, with respect to subscribers whose Comcast service address is/was NOT located in the District of Columbia, the city and state of residence for the subscriber to whom the ISP assigned an IP address as set forth on the Subpoena and the "Subpoena Attachment," and the Court holds that providing the city and state of residence, without more, is not providing "personally identifying information" as to any subscriber within the meaning of 47 U.S.C. § 551(a)(2), see Millennium TGA, Inc. v. Comcast Cable Communications LLC, --- F. Supp. 2d. ---, 2012 WL 2371426 *7; and it is further

**ORDERED** that Petitioner may only use the information disclosed in response to this subpoena for the purpose of protecting and enforcing Petitioner's rights as set forth in its Complaint in the underlying civil action; and it is further

**ORDERED** that Comcast shall preserve any data related to the IP addresses for a period of at least 180 days from the date of this Order.

**SO ORDERED.**
Date: September 26, 2012

                                              ROBERT L. WILKINS
                                              United States District Judge